**ANTHONY L. VELASQUEZ, ESQ.**
NJ Attorney Id #021651997
Corporate Counsel, First Property
1608 Route 88, Suite 301; P.O. Box 1030
Brick, New Jersey 08723
(t)732-903-1966; (f)732-416-7861
avelasquez@tryko.com
Attorney for KKR Holdings, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>Stephen DeSimone,<br><br>　　　　　Debtor. | Case No. 18-32382-KCF<br><br>Chapter 13<br><br>Judge: Kathryn C. Ferguson<br><br>**LIMITED OBJECTION TO DISMISSAL** |

Creditor, KKR Holdings, LLC ("KKR Creditor"), in the above-captioned Chapter 13 proceeding hereby submits limited objection to the Voluntary Dismissal for the following reasons:

1. KKR Creditor is a tax lien holder against Debtor's property located at 9 Harvest Way, Little Egg Harbor, NJ. On November 28, 2018, KKR Creditor filed Proof of Claim listing the secured amount of $97,873.29.

2. As a mandatory condition for maintaining this bankruptcy case, the Debtor is required to stay current and make all property tax payments on the subject property at 9 Harvest Way.

3. Taxes for the 4th Quarter (due today, November 1, 2019) have not been paid, as confirmed today through the tax collector's office.

4. Our industry has experienced a significant jump in cases where debtors fall behind in their property taxes, and instead of incurring the penalty of "stay relief" under § 362(d) for failure to maintain these taxes as required, they Voluntarily Dismiss their petition and then "refile" a

    new bankruptcy case within a short period of time so as to re-categorize the tax debt from "post-petition tax delinquencies" under their prior bankruptcy case into the new category of "pre-petition debt" under a new bankruptcy case. This thwarts the public policy, and it circumvents the mandatory law that the debtors stay current on their taxes.

5. KKR Creditor notes that as of today, 4th quarter 2019 property taxes are unpaid by Debtor.

6. KKR Creditor's limited objection to this Dismissal is solely to object on the grounds that if, in the future, this Debtor seeks to re-file a new Bankruptcy Petition and then seeks to re-impose the automatic stay (extension of stay) but yet attempts to mischaracterize these post-petition tax delinquencies as pre-petition debt, this should be rightly prohibited by the Court.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 1, 2019                                   By: /s/ Anthony L. Velasquez, Esq.
                                                                                   Anthony L. Velasquez, Esq., Attorney
                                                                                   for Creditor KKR Holdings, LLC